**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Jonathon Gordon Sperberg, II,<br>Petitioner<br>-vs-<br>Charles L. Ryan, et al.,<br>Respondents. | CV-11-0443-PHX-PGR (JFM)<br><br>**Report & Recommendation On Petition<br>For Writ Of Habeas Corpus** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on March 7, 2011 (Doc. 1), and supplemented it on May 16, 2011 (Doc. 10, 11). On June 28, 2011, Respondents filed their Answer (Doc. 14). Petitioner filed an Amended Reply on November 10, 2011 (Doc. 36).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND

As reflected in the Pre Sentence Report, on February 6, 1994, when Petitioner was

approximately 20 years of age, he and four others (including two juveniles) decided to go "bum rolling," and found the victim behind a store in Casa Grande, Arizona. After attempting to get money from the victim, one of the five shot the victim twice, causing his death. (Exhibit G, Pre Sentence Report at 1-3.) (Exhibits to the Answer, Doc. 14, are referenced herein as "Exhibit ___.")

## B. PROCEEDINGS AT TRIAL

On February 17, 1994, Petitioner and two co-defendants were indicted in Pinal County Superior Court on charges of First Degree Murder in the course of Armed Robbery, and attempted Armed Robbery. (Exhibit A, Indictment.) The State filed a Notice of Intent to Seek the Death Penalty (Exhibit B).

Following selection of a jury, Petitioner entered into a written Plea Agreement (Exhibit C), agreeing to plead guilty to the murder charge, in exchange for a stipulated sentence of life without possibility of parole for 25 years and dismissal of the remaining counts. Petitioner entered his plea of guilty on March 29, 1995. (Exhibit D, R.T. 3/29/95.)

On his own motion, Petitioner underwent a court ordered mental examination, and the results were sealed. (Exhibit E, M.E. 5/10/95; Exhibit F, Sealed Report Envelope.) The Pre-Sentence Report reflected a diagnosis of paranoid schizophrenia, with hospitalizations dating back to age 14. (Exhibit G at 4.) Petitioner was apparently found competent. (*Id.* at 5.)

On June 12, 1995, Petitioner was convicted to the murder charge and sentenced to life in prison with a possibility of parole after 25 years. (Exhibit H, M.E. 6/12/95; Exhibit I, Sentence; Exhibit J, R.T. 6/12/95; Exhibit K, Spec. Verdict.)

## C.  PROCEEDINGS ON DIRECT APPEAL

Having pled guilty, Petitioner had no right to, Ariz. Rev. Stat. § 13-4033 (2001), Ariz.R.Crim.P. 17.1(e), and did not file a direct appeal (Petition, Doc. 1 at 2).[1]

## D.  PROCEEDINGS ON FIRST POST CONVICTION RELIEF

Almost seven years after his conviction, on April 16, 2002, Petitioner filed through counsel his first Petition for Post Conviction Relief (Exhibit L), arguing that the Arizona Department of Corrections was improperly evaluating his sentence as being without possibility of parole.  The prosecution responded (Exhibit M) that the issue was not properly raised in a PCR proceeding.  On June 3, 2002, upon agreement of the parties, the PCR court issued a clarification of the sentence, reflecting the life sentence without possibility for release for 25 years.  (Exhibit P, M.E. 6/3/02.)

## E.  PROCEEDINGS ON SECOND POST CONVICTION RELIEF

On September 27, 2004, Petitioner filed a Notice of Post Conviction Relief (Exhibit Q), arguing his actual innocence based upon a co-defendant shooting the victim without any prompting from Petitioner.  Petitioner acknowledged his request was untimely, but asserted the claim was brought under the actual innocence and no-fault exceptions to the timeliness rule.  (*Id.* at 2.)  On the same date, the PCR court disposed of the petition by finding that the request was untimely and Petitioner failed to state a claim.[2]  (Exhibit R, M.E. 9/27/04.)

---

[1] In an apparent reference to his Petition for Review in his Fifth PCR proceeding, Petitioner asserts he filed an "appeal" to the Arizona Supreme Court. (Petition, Doc. 1 at 3.)

[2] Presumably the conclusion that Petitioner's actual innocence argument failed to state a claim was based upon the fact that Arizona's felony murder offense does not mandate

## F.  PROCEEDINGS ON THIRD POST CONVICTION RELIEF

On December 8, 2004, Petitioner filed a new Notice of Post-Conviction Relief (Exhibit S), again asserting his actual innocence, citing discrepancies and false statements in the police interviews.  On the same date, the PCR court again disposed of the petition by finding that the request was untimely and Petitioner failed to state a claim. (Exhibit T, M.E. 12/08/04.)


## G.  PROCEEDINGS ON FOURTH POST CONVICTION RELIEF

Notwithstanding the PCR Court's order, on January 3, 2005, Petitioner filed a Petition for Post-Conviction Relief (Exhibit U), asserting ineffective assistance of counsel based upon counsel's failure to file an appeal of the sentence.  On the same date, the PCR court again disposed of the petition by finding that "all remedies have previously been exhausted."  (Exhibit V, M.E. 1/3/05.)


## H.  PROCEEDINGS ON FIFTH POST CONVICTION RELIEF

On March 17, 2010, Petitioner filed a Motion to Reduce Sentence (Exhibit W), arguing that his sentence should be reduced to a flat 25 years, based upon his having only a minor role in the shooting.  On April 13, 2010, Petitioner filed a Petition to Modify Sentence, attempting to reduce his sentence to a flat 25 years and to eliminate any community supervision after release.[3]

On April 16, 2010, the trial court construed the Motion to Reduce Sentence as an application for a writ of habeas corpus and denied it.  (Exhibit Y, M.E. 4/16/10.)

that the defendant have been the cause of death or even the promoter, but simply an accomplice in the underlying robbery.  *See State v. Rios*, 217 Ariz. 249, 251, 172 P.3d 844, 846 (App. 2007).

[3] Petitioner identifies this as his first PCR Petition.  (Petition , Doc. 1 at 4.)

4

On April 27, 2010, Petitioner filed a "Motion of Appeal" (Exhibit Z) and a "Motion of Discovery" (Exhibit AA).

On May 14, 2010, the trial court issued a modification to its earlier order to correct the Petitioner's name, and directing the file be closed. (Exhibit BB, M.E. 5/14/10.) On May 18, 2010, the trial court denied the Motion of Appeal as moot, noting the proper procedure was to file a petition for review with the Arizona Court of Appeals. (Exhibit CC, M.E. 5/18/10.)

On May 14, 2010, Petitioner filed with the Arizona Court of Appeals a "Notice of Appeal" (Exhibit DD), and on June 1, 2010 a Petition for Review (Exhibit FF) and Appendix (Exhibit GG).[4] His motion for oral argument was denied. (Exhibit HH Motion, Exhibit II, Order 9/10/10.)

On October 27, 2010, the Arizona Court of Appeals addressed the Petition for Review as to both the Motion to Reduce Sentence and the Petition to Modify Sentence. The court found that the attack on Petitioner's sentence was procedurally precluded because it was addressed in the earlier proceeding, and his other claims challenging his sentenced were waived by his failure to bring them earlier, or were not ripe. (Exhibit JJ, Mem. Dec.)

Petitioner then sought review by the Arizona Supreme Court (Exhibit KK, Petition),[5] which summarily denied review on February 24, 2011. (Exhibit LL, Order.) The Mandate issued April 12, 2011 (Exhibit MM).

/ /

/ /

---

[4] Petitioner identifies this as his second PCR petition. (Petition, Doc. 1 at 4.)
[5] Petitioner identifies this as his third PCR petition. (Petition, Doc. 1 at 5.)

# I. OTHER STATE CORRESPONDENCE

Beginning in October, 2001 and continuing through 2010, Petitioner began addressing a series of letters to the Pinal County Superior Court, most of them specifically addressed to the Court Clerk (Exhibit NN).  On several occasions in 2008, the Clerk responded, declining to offer legal advice and directing Plaintiff to retain counsel or conduct his own legal research.  (*Id.*)

# J.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on March 7, 2011 (Doc. 1).  Petitioner asserts four grounds for relief, the nature of which is not crystalline.  The Court's service Order simply quoted the summaries from the Petition:

> (1)     "6th Amendment [-] I placed in a mo[]tion for o[ra]l argument to State Court of Appeals."
> (2)     "6th Amendment for the following that the attorney that placed in my first rel[ie]f was not valid."
> (3)     "14th Amendment for due process for the fact that AZ has in fact violated [its] ow[]n state law of sentence to convicted persons after 1994 Jan (1)."
> (4)     "5th Amendment [-] I was denied due pro[c]es[s] by the Court of Appeal[s] by not noticing the over[sight] by Mr. Villareal."

(Service Order, Doc. 4 at 2.)

Respondents have characterized them as follows:

(1) A challenge to "the Court of Appeal's September 10, 2010, Order denying oral argument in connection with his 2010 Petition for Review."  (Answer, Doc. 14 at 17.)

(2) A "claim for constitutionally ineffective assistance of counsel." (*Id.* at 18.)

(3) A claim "that Petitioner's federal due process rights were somehow violated

6

because the State did not comply with a provision of Arizona law effective January 1, 1994, although Petitioner does not state what aspect of his sentence was allegedly defective." (*Id.* at 20.)

(4) A claim "that Petitioner's Fifth Amendment due process rights were denied when the Arizona Court of Appeals filed to notice an 'over[sight' by Petitioner's defense counsel, who represented Petitioner in his 1995 guilty plea and sentencing and his 2002 First PCR."  (*Id.* at 22.)

Petitioner has not opposed these characterizations.

As noted by Petitioner, this Court is obligated to pursue his *pro se* filings liberally.  "We must construe pro se habeas filings liberally, and may treat the allegations of a verified complaint or petition as an affidavit."  *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003).

In light of the foregoing, and having reviewed the language of Petitioner's Petition and the record, the undersigned liberally construes Petitioner's Petition to assert the following claims:

(1) **Self Representation** - Petitioner was denied his right of self-representation under the Sixth Amendment when the Arizona Court of Appeals denied him oral argument and discovery in his 2010 petition for review.

(2) **Ineffective Assistance** - Petitioner's post conviction relief counsel provided ineffective assistance, in violation of the 6th Amendment, by failing to adequately raise all of Petitioner's claims.

(3) **Disparate Sentencing** - Petitioner was denied due process when the State of Arizona violated its own law by sentencing Petitioner more harshly than his co-defendants, who committed the same acts.

(4) **Due Process on Review** - Petitioner was denied due process in his 2010 Petition for Review, when the Arizona Court of Appeals failed to recognized that Petitioner had not been given any relief in his first PCR proceeding attacking ADOC's calculation of his sentence.

On May 16, 2011, Petitioner filed a "Motion of Amendment" (Doc. 10) seeking to supplement his arguments in support of the Petition with several case citations and copies of his current sentence computation. The Court granted the motion to the extent that the supplemental citations and exhibits would be considered. (Order 5/18/11, Doc. 11.)

**Response** - On June 28, 2011, Respondents filed their Response ("Limited Answer") (Doc. 14). Respondents argue that the Petition is untimely and barred by the statute of limitations, and that Petitioner's claims are not cognizable federal claims, were procedurally barred under independent and adequate state grounds, or are procedurally defaulted.

**Reply** – Petitioner then filed a series of motions, including a Motion to Respond (Doc. 15), and Motion to Introduce Witnesses (Doc. 17). The motions were denied, and Plaintiff was given a deadline to file a traverse addressing the procedural defenses raised in the Answer. (Order 8/17/11, Doc. 21.)

On September 2, 2011, Petitioner filed his original Reply (Doc. 23).

Petitioner then sought to file a series of supplements and partial amendments. (Docs. 24, 26, 27, 29.) The Court denied these and granted Petitioner leave to file a single amended reply. (Order 11/1/11, Doc. 34.)

On November 10, 2011, Petitioner filed his Amended Reply ("Amendment to Respon[se] of Travers[e]"). Petitioner argues that his challenges to an illegal sentence

are not subject to the statute of limitations, that his claims have either been resolved on the merits, or any failure to exhaust was not a deliberate bypass of state remedies and resulted from the state's refusal to grant him an evidentiary hearing, and that he has cause to excuse any procedural default because he is *pro se*, untrained, and has had difficulties in obtaining copies.

## III. APPLICATION OF LAW TO FACTS

### A. TIMELINESS

#### 1. One Year Limitations Period

Respondents assert that Petitioner's Petition is untimely. As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. 28 U.S.C. § 2244(d). Petitions filed beyond the one year limitations period are barred and must be dismissed. *Id.*

#### 2. Commencement of Limitations Period

**Finality** - The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

For Arizona pleading defendants, their opportunity for direct review is an Arizona Rule 32 of-right post conviction relief proceeding. *Summers v. Schriro*, 481 F.3d 710 (9th Cir. 2007).

Here, Petitioner did not seek an "of-right" PCR proceeding. Such a proceeding

must be commenced "within ninety days after the entry of judgment and sentence." Ariz.R.Crim.Proc. 32.4(a). Thus, Petitioner's conviction became final 90 days after the January 12, 1995 sentence (Exhibit I), or on April 12, 1995.

**Effective Date** - However, the AEDPA was not adopted until April 24, 1996. "State prisoners...whose convictions became final prior to AEDPA's enactment [on April 24, 1996], had a one-year grace period in which to file their petitions." *Patterson v. Stewart,* 251 F.3d 1243, 1245 (9th Cir. 2001). Under Rule 6(a), Federal Rules of Civil Procedure, that one year grace period "ended on April 24, 1997 in the absence of statutory tolling." *Id.* at 1246.

Thus, barring any statutory tolling, Petitioner's one year began to run after April 24, 1996, and he had until April 24, 1997 to file his federal habeas petition.

**Discovery** – Although Petitioner does not raise the issue, the undersigned notes that the statute of limitations provides a number of alternate commencement dates, including "the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Here, Petitioner's Grounds 1 (Self Representation) and 4 (Due Process on Review) relate to violations of his rights purportedly occurring in his Fifth PCR Proceeding, in 2010. And, his Ground 2 relates to ineffective assistance of counsel occurring in his first PCR proceeding in 2002. These claims could not have been brought in 1996 or 1997, when Petitioner's ordinary one year limitations period was running.

As to both Ground 1 and 4, Petitioner was aware of the purported denial of his rights by the Arizona Court of Appeals at least by that court's October 27, 2010 Memorandum Decision (Exhibit JJ). Accordingly, the undersigned finds that Petitioner's one year on those claims would have commenced running at least by that

10

date, and expired on October 27, 2011, making this habeas Petition timely on those claims.

As to Ground 2, Petitioner's first PCR proceeding was concluded by June 3, 2002, when the PCR court issued its final ruling in that proceeding (Exhibit P). Accordingly, the undersigned presumes for purposes of this Report & Recommendation that Petitioner's one year on those claims would have commenced running at least by that date, and expired on June 3, 2003.

As to Ground 3, however, Petitioner in that claim challenges the original sentence. Petitioner's claim is founded upon the sentences afforded to the other defendants, and the interviews of them. Petitioner does not suggest that this information was not available to him at the time of his conviction.

**Illegal Sentence** – Petitioner contends that because he is challenging an "illegal sentence," he can bring his claims at any time. (Amended Reply, Doc. 25 at 1.) However, the only federal authority he cites for this proposition, *U.S. v. Gonazles*, 12 F.3d 298 (1st Cir. 1993), does not deal with the habeas statute of limitations, but applies the principle that the federal sentencing guidelines in effect on the date of sentencing control a federal sentence.[6] The federal habeas statute of limitations, 28 U.S.C. § 2244, controls the timeliness of federal habeas petitions, not the federal sentencing guidelines.

**Timeliness** – Based upon the foregoing, Petitioner's Petition, filed March 7, 2011, was timely as to Grounds 1 and 4, but in the absence of adequate tolling, untimely as to Grounds 2 and 3.

---

[6] The state authority Petitioner cites reflects the state policy of applying the sentencing laws in effect at the time of commission of the crime. *See State v. Newton*, 200 Ariz. 1, 21 P.3d 387 (2001)

11

### 3. Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Petitioner's first PCR proceeding was commenced on April 16, 2002 on the filing of his first Petition for Post Conviction Relief (Exhibit L). At that time, the limitations period on his Ground 3, which commenced running on the effective date of the AEDPA, had been expired for almost five years. Once the habeas statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Accordingly, Petitioner is entitled to no statutory tolling with respect to Ground 3 (Disparate Sentence).

Petitioner's one year on Ground 2 (Ineffective Assistance) commenced running on June 3, 2002, on the issuance of the PCR court's order (Exhibit P), and expired on June 3, 2003. Petitioner's next PCR proceeding was not commenced until over six months later when he filed his Notice of Post Conviction Relief (Exhibit Q) in his second PCR proceeding. At that time, his one year had already expired, and thus no further tolling is applicable. *Jiminiez*, 276 F.3d at 482.

Accordingly, as to both Grounds 2 and 3, Petitioner has not shown adequate statutory tolling to make his Petition timely.

### 4. Equitable Tolling

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances

were the cause of his untimeliness.'"  *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted).  "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.' " *Miranda v. Castro,*292 F.3d 1063, 1066 (9th Cir. 2002)  (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.).

In his Petition, Petitioner argues that his delay should be excused because he had been denied access to mail for some period of time.  (Petition, Doc. 1 at 11.)  Petitioner's vague and conclusory allegation is not sufficient to show he is entitled to equitable tolling during the relevant periods.

As to Ground 2 (Ineffective Assistance), Petitioner's one year was running in 2002 and 2003.  By at least September 27, 2004 Petitioner was able to file his Notice of Post Conviction Relief (Exhibit Q) in his second PCR proceeding.  Thus, at best, Petitioner would be entitled to equitable tolling until that date.  Even if this Court were to find Petitioner entitled to statutory tolling for the entire time from there through the dismissal of his fourth PCR proceeding on January 3, 2005 (Exhibit V), over five years expired between that proceeding and his March 17, 2010 Motion for Reduction (Exhibit W).

As to Ground 3 (Disparate Sentencing), Petitioner's one year was running in 1996 and 1997.  Even if this Court were to presume Petitioner was denied access to mail all

the way until his 2002 PCR Petition, and that he was entitled to statutory tolling during the pendency of that first PCR, that proceeding was concluded on June 2, 2002 and no other proceeding was commenced until his second PCR notice, filed September 27, 2004, over two years later.

The fact that Petitioner's Petition may have been subsequently delayed, e.g. by denial of mail immediately prior to its filing, is irrelevant. As to Grounds 2 and 3, the statute had long since expired.

The Court also notes that Petitioner has at most times been proceeding *pro se*, and that Petitioner suffers from apparent mental afflictions. A prisoner's *pro se* status is not an extraordinary circumstance. *Felder v. Johnson*, 204 F.3d 168 (5th Cir. 2000). And, "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999). Nor does Petitioner show that his disabilities have precluded a timely filing. Despite those disabilities, Petitioner has prosecuted on his own some four separate PCR proceedings, as well as the instant habeas proceeding. There is nothing to suggest that those disabilities had anything to do with the years which have elapsed without a federal filing by Petitioner.

The undersigned finds no basis for equitable tolling.

**5. Actual Innocence**

The Ninth Circuit has concluded that the statute of limitations is subject to an exception for claims of actual innocence. *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011). Petitioner makes no such claim in this proceeding.

**6. Summary**

Based on the foregoing, the undersigned concludes that Petitioner's claims in Grounds 2 and 3 are barred by the statute of limitations, and Grounds 1 and 4 are not.

**B. EXHAUSTION & PROCEDURAL DEFAULT**

Respondents contend that Ground 1 (Self Representation) and Ground 4 (Due Process on Review) were never fairly presented to the state courts and are now procedurally defaulted and barred from federal habeas review. (Answer, Doc. 14 at 19, 21.)

**1. Exhaustion Requirement**

Generally, a federal court has authority to review a state prisoner's claims only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28 U.S.C. § 2254(b) and (c). When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied,* 455 U.S. 1023 (1982).

**a. Proper Forum/Proceeding**

Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court. This is true even where alternative avenues of reviewing

constitutional issues are still available in state court.  *Brown v. Easter*, 68 F.3d 1209,

1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*,

489 U.S. 1059 (1989).  "In cases not carrying a life sentence or the death penalty, 'claims

of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona

Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir.

2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999)).[7]

### b.  Fair Presentment

To result in exhaustion, claims must not only be presented in the proper forum,

but must be "fairly presented."  That is, the petitioner must provide the state courts with a

"fair opportunity" to apply controlling legal principles to the facts bearing upon his

constitutional claim.  28 U.S.C. § 2254;  *Picard v. Connor,* 404 U.S. 270, 276-277

(1971).  A claim has been fairly presented to the state's highest court if the petitioner has

described both the operative facts and the federal legal theory on which the claim is

based.  *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (overruled on other grounds,

*Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007)).

### c.  Application to Petitioner's Claims

**Ground 1 (Self Representation)** – For his Ground 1, Petitioner argues he was

denied his right of self-representation under the Sixth Amendment when the Arizona

Court of Appeals denied him oral argument and discovery in his 2010 petition for

---

[7] The Arizona statutes on which *Swoopes* was based were subsequently amended to exclude life sentences from an appeal of right to the Arizona Supreme Court.  *See State v. Sandon*, 161 Ariz. 157, 158, n.1, 777 P.2d 220, 221, n.1 (1989).  Because Petitioner did not present his claims to the Arizona Court of Appeals, the undersigned does not reach whether presentation to the Arizona Supreme Court would also have been required.

review.  (Petition, Doc. 1 at 6.)

Petitioner did file a Motion for Oral Argument (Exhibit HH) with the appellate court, citing his lack of counsel.  However, Petitioner did not argue that a denial of counsel would be a violation of his right of self-representation or otherwise assert a constitutional claim.  The only authority cited in his Motion was the state court rule.

Petitioner also repeated his request for counsel and oral argument in his Petition for Review (Exhibit FF at 2) and his Appendix (Exhibit GG) to his Petition for Review, but again, cited no federal authority and asserted no constitutional violation.

Petitioner did not raise to the Arizona Supreme Court any issues of his representation in his 5th PCR proceeding, but solely complained of the actions of his counsel in his first PCR proceeding and at trial.  (Exhibit KK, PFR at 2, 4.)

It is not enough that all the facts necessary to support the federal claim were before the state courts or that a "somewhat similar state law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982)(*per curiam*).  Failure to alert the state court to the constitutional nature of the claim amounts to failure to exhaust state remedies. *Duncan v. Henry*, 513 U.S. 364, 366 (1995).

Petitioner has never asserted to the state courts the 6th Amendment claim he now urges.  Accordingly, this claim was not properly exhausted.

**Ground 4 (Due Process on Review)** – For his Ground 4, Petitioner argues he was denied due process in his 2010 Petition for Review, when the Arizona Court of Appeals failed to recognize that Petitioner had not been given any relief in his first PCR proceeding.

Petitioner did complain to the Arizona Court of Appeals (Exhibit FF, PFR at 2) and the Arizona Supreme Court (Exhibit GG, PFR at 2) about the lack of relief in his

first PCR proceeding. However, Petitioner did not assert this as a violation of due process and did not cite any federal authority in support of the proposition. Thus, Petitioner has not fairly presented this claim, and has failed to properly exhaust his state remedies. *Anderson, supra; Duncan, supra*.

**d.  Summary re Exhaustion** - Based upon the foregoing, the undersigned finds that Petitioner's Grounds 1 and 4 were not properly exhausted.

## 2.  Procedural Default

Ordinarily, unexhausted claims are dismissed *without prejudice*. *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief. Dismissal *with prejudice* of a procedurally barred or procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Petitioner argues that notwithstanding any procedural default, he is entitled to review of his claims if "he has not 'deliberately bypassed' or abuse[d] state court procedures." (Amended Reply, Doc. 35 at 2.) The "deliberate bypass" standard was formerly the law under *Faye v. Noia*, 372 U.S. 391, 434, 438 (1963), but was overruled in *Coleman v. Thompson*, 501 U.S. 722 (1991), and in its place the cause and prejudice standard was adopted.

Respondents argue that Petitioner may no longer present his unexhausted claims

to the state courts, and thus they are procedurally defaulted. Respondents generally rely upon Arizona's preclusion bar, set out in Ariz. R. Crim. Proc. 32.2(a) and time bar, set out in Ariz. R. Crim. Proc. 32.4(a). (Answer, Doc. 14 at 17, n. 13.)

**Remedies Within Prior PCR**- To the extent that Petitioner should have raised his complaints to either the Arizona Court of Appeals or the Arizona Supreme Court in his fifth PCR proceeding, those proceedings have concluded with the Arizona Court of Appeals mandate issued April 12, 2011 (Exhibit MM). As noted in that Mandate, the time for a motion for reconsideration had already expired. Petitioner does not suggest that some other means of direct review in that proceeding remains available.

**Remedies by Direct Appeal** - Under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and sentence. Moreover, as a pleading defendant in a non-capital sentence case, Petitioner had no right to file a direct appeal. *See* Ariz. Rev. Stat. § 13-4033 (2001); Ariz.R.Crim.P. 17.1(e) (waiver of appeal by guilty plea). Accordingly, review by direct appeal is not available.

**Remedies by New Post-Conviction Relief** - Petitioner can no longer seek review by a subsequent PCR Petition. Under the rules applicable to Arizona's post-conviction process, a claim may not ordinarily be brought in a petition for post conviction relief that "has been waived at trial, on appeal, or in any previous collateral proceeding." Ariz.R.Crim.P. 32.2(a)(3). Under this rule, some claims may be deemed waived if the State simply shows "that the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding." *Stewart v. Smith*, 202 Ariz. 446, 449, 46 P.3d 1067, 1070 (2002) (quoting Ariz.R.Crim.P. 32.2, Comments). For others of "sufficient constitutional magnitude," the State "must show that the defendant personally, "knowingly, voluntarily and intelligently' [did] not raise' the ground or denial of a right."

*Id.* That requirement is limited to those constitutional rights "that can only be waived by a defendant personally." *State v. Swoopes* 216 Ariz. 390, 399, 166 P.3d 945, 954 (App.Div. 2, 2007). In coming to its prescription in *Stewart v. Smith*, the Arizona Supreme Court identified: (1) waiver of the right to counsel, (2) waiver of the right to a jury trial, and (3) waiver of the right to a twelve-person jury under the Arizona Constitution, as among those rights which require a personal waiver. 202 Ariz. at 450, 46 P.3d at 1071.[8]

Here, Petitioner's unexhausted claims do not fit within the list of claims identified as requiring a personal waiver. Nor are they of the same character. The closest would be Petitioner's allegation of a denial of self-representation, with regard to a waiver of the right to counsel. However, there is no right to counsel in Arizona or under the federal Constitution after direct appeal or an of-right PCR petition. *See Lammie v. Barker*, 185 Ariz. 263, 264, 915 P.2d 662, 663 (1996). Therefore, the undersigned concludes that Petitioner's claims would be precluded by his failure to raise them in an earlier proceeding.

Timeliness Bar - Even if not barred by preclusion, Petitioner would now be barred from raising his claims by Arizona's time bars. Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after

---

[8]  Some types of claims addressed by the Arizona Courts in resolving the type of waiver required include: ineffective assistance (waived by omission), *Stewart*, 202 Ariz. at 450, 46 P.3d at 1071; right to be present at non-critical stages (waived by omission), *Swoopes*, 216Ariz. at 403, 166 P.3d at 958; improper withdrawal of plea offer (waived by omission), *State v. Spinosa*, 200 Ariz. 503, 29 P.3d 278 (App. 2001); double jeopardy (waived by omission), *State v. Stokes*, 2007 WL 5596552 (App. 10/16/07); illegal sentence (waived by omission), *State v. Brashier*, 2009 WL 794501 (App. 2009); judge conflict of interest (waived by omission), *State v. Westmiller*, 2008 WL 2651659 (App. 2008).

the issuance of the order and mandate in the direct appeal, whichever is the later." *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule). That time has long since passed.

Illegal Sentences - Petitioner argues that he can challenge an illegal sentence at any time. (Amended Reply, Doc. 35 at 1-2.) However, none of the authorities Petitioner cites support that proposition. For example, he cites Ariz. Rev. Stat. § 13-4037, but that statute merely acknowledges the Arizona Supreme Court's authority to correct an illegal sentence on appeal, it does not provide an exception to the time limits for seeking appeal. He cites *State v. Newton*, 200 Ariz. 1, 21 P.3d 387 (2001), but that case deals only with the sentencing statutes applicable to a given offense.[8]

Petitioner also argues that his claims of illegal sentence "cannot be procedurally barred under by (AEDPA) Part II under state law." (Amended Reply, Doc. 35 at 2.) However, state law does not dictate the requirements for consideration of claims in this federal habeas court. This Court looks to state law only to ascertain whether Petitioner's state remedies were properly exhausted and/or are now procedurally defaulted.

Exceptions - Rules 32.2 and 32.4(a) do not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h). *See* Ariz. R. Crim. P. 32.2(b) (exceptions to preclusion bar); Ariz.R.Crim.P. 32.4(a) (exceptions to timeliness bar). Petitioner has not asserted that any of these exceptions are applicable to his claims. Nor does it appear that such exceptions would apply. The rule defines the excepted claims as follows:

---

[8] Petitioner also references *State v. Cox*, and *State v. Coy*, but provides no citation. (Amended Reply, Doc. 35 at 1.) The undersigned is unable to discern the intended authorities.

d. The person is being held in custody after the sentence imposed has expired;

e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:

(1) The newly discovered material facts were discovered after the trial.

(2) The defendant exercised due diligence in securing the newly discovered material facts.

(3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.

f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or

g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or

h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

Paragraph 32.1(d) (expired sentence) generally has no application to an Arizona prisoner, like Petitioner, who is simply attacking the validity of his conviction or sentence, without asserting that the sentence has already expired. While Petitioner does complain that ADOC has miscalculated his sentence, he does not allege that his actual sentence has already expired.

Petitioner asserts no newly discovered evidence, and his underlying factual assertions have all been previously argued to the state courts. Where a claim is based on "newly discovered evidence" that has previously been presented to the state courts, the evidence is no longer "newly discovered" and paragraph (e) has no application.

Paragraph (f) has no application because Petitioner's claims are not barred because not timely presented on direct appeal or PCR of-right.

Paragraph (g) has no application because Petitioner has not asserted a change in

the law since his last PCR proceeding.

Finally, paragraph (h), concerning claims of actual innocence, has no application to Petitioner's procedural claims. *See State v. Swoopes*, 216 Ariz. 390, 404, 166 P.3d 945, 959 (App. 2007) (32.1(h) did not apply where petitioner had "not established that trial error ...amounts to a claim of actual innocence").

**Summary** - Accordingly, the undersigned must conclude that review through Arizona's direct appeal and post-conviction relief process is no longer possible for Petitioner's unexhausted claims, and that the unexhausted claims are now procedurally defaulted, and absent a showing of cause and prejudice or actual innocence, must be dismissed with prejudice.

**3. Cause and Prejudice**

If the habeas petitioner has procedurally defaulted on a claim, or it has been procedurally barred on independent and adequate state grounds, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

"Cause" is the legitimate excuse for the default. *Thomas*, 945 F.2d at 1123. "Because of the wide variety of contexts in which a procedural default can occur, the Supreme Court 'has not given the term "cause" precise content.'" *Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990) (quoting *Reed*, 468 U.S. at 13), *cert. denied*, 498 U.S. 832 (1990). The Supreme Court has suggested, however, that cause should ordinarily turn on some objective factor external to petitioner, for instance:

> ... a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that "some interference by officials", made compliance impracticable, would constitute cause

under this standard.

*Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citations omitted).

Here, Petitioner does not proffer any good cause to excuse his failures to exhaust.

Petitioner does complain that he was not afforded an evidentiary hearing and oral argument. (Amended Reply, Doc. 35 at 2.) While perhaps the absence of an evidentiary hearing or oral argument might have made Petitioner unsuccessful in proving the claims he did raise, Petitioner does not suggest how their absence precluded him from asserting his federal claims to the state courts.

Petitioner complains that he has been *pro* se, untrained, received aid from other inmates and was denied permission to make a copy of an article to support his case. (Amended Reply, Doc. 35 at 4.) In *Tacho v. Martinez*, 862 F.2d 1376 (1988), the Ninth Circuit rejected a prisoner's argument that his mental condition and reliance upon incompetent "jailhouse lawyers" established cause to excuse a procedural default. Petitioner does not suggest how the inability to copy an article kept him from laying out his federal claims.

Petitioner has filed to establish cause for his procedural default. Both "cause" and "prejudice" must be shown to excuse a procedural default, although a court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir.1991). Accordingly, this Court need not examine the merits of Petitioner's claims or the purported "prejudice" to find an absence of cause and prejudice.

**Actual Innocence** - The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances, to avoid a "miscarriage of justice." *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909

24

(9th Cir. 1986). Accordingly, failure to establish cause may be excused "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added). Although not explicitly limited to actual innocence claims, the Supreme Court has not yet recognized a "miscarriage of justice" exception to exhaustion outside of actual innocence. *See* Hertz & Lieberman, *Federal Habeas Corpus Pract. & Proc.*, §26.4 at 1229, n. 6 (4th ed. 2002 Cumm. Supp.). The Ninth Circuit has expressly limited it to claims of actual innocence. *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008). Here, Petitioner makes no pretense of asserting his actual innocence.

Accordingly, Petitioner's procedural defaults may not be avoided, and his procedurally defaulted claims in Grounds 1 and 4 must be dismissed with prejudice.

## C. SUMMARY

Petitioner's claims in Grounds 2 (Ineffective Assistance) and 3 (Disparate Sentencing) are barred by the statute of limitations, and must be dismissed with prejudice. Petitioner's state remedies on his claims in Grounds 1 (Self Representation)) and 4 (Due Process on Review) were not properly exhausted, are now procedurally defaulted, and therefore these claims must be dismissed with prejudice.

Accordingly, the undersigned concludes that the Petition in its entirety must be dismissed with prejudice.

## IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability

when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. To the extent that Petitioner's claims are rejected under the reasoning set forth herein, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was

correct in its procedural ruling."  Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed March 7, 2011 (Doc. 1) be **DISMISSED WITH PREJDUICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability be **DENIED**.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-

1  47 (9th Cir. 2007).

2

3  Dated: February 17, 2012

4  _James F. Metcalf_
   United States Magistrate Judge

11-0443r RR 12 02 08 on HC.docx

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28