**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathon G. Sperberg, II,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-11-00443-PHX-PGR (JFM)<br><br>ORDER |

Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Metcalf in light of the petitioner's objection (Doc. 38) and amended objection (Doc. 41) to the Report and Recommendation, the Court finds that the objections should be overruled and that the petitioner's habeas petition, filed pursuant to 28 U.S.C. § 2254, should be denied.[1]

---

[1] The Court notes that it has also reviewed the information provided by the petitioner in his Motion to Enter Newly Discovered Information, as well Two New Exhibits for Court[']s Review Before Final Judgment on Petitioner's Writ of Federal Habeas Corpus (Doc. 43). While the Court will grant the motion, the information provided therein does not persuade the Court that the Magistrate Judge erred in the conclusions he reached in his Report and Recommendation.

To the extent that the petitioner's Notice of Breif [sic] of Possible Tainted or Corrupted Case (Doc. 47) is intended as a motion seeking the Court to order an investigation be made of the petitioner's allegations, it is denied.

First, the Court agrees with the Magistrate Judge that the petitioner's claims set forth in Ground 2 (Ineffective Assistance) and Ground 3 (Disparate Sentencing) must be dismissed with prejudice as time-barred because they were filed years after the expiration of the AEDPA's one-year limitations period, *see* 28 U.S.C. § 2244, and the petitioner has not established the existence of either statutory or equitable tolling sufficient to make the claims timely filed.

Second, the Court also agrees with the Magistrate Judge that the petitioner's other two claims, Ground 1 (Self Representation) and Ground 4 (Due Process on Review), while timely filed, must be dismissed with prejudice because those claims were not fairly presented to the state courts and are now procedurally defaulted and the petitioner has not established any legally-acceptable cause for his failure to properly raise those claims in state court, nor has he demonstrated that a miscarriage of justice would result if those issues are not addressed on their merits. Therefore,

IT IS ORDERED that the petitioner's Motion to Enter Newly Discovered Information, as well Two New Exhibits for Court[']s Review Before Final Judgment on Petitioner's Writ of Federal Habeas Corpus (Doc. 43) is granted.

IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 37) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Petition Under 28 U.S.C § 2254 for a Writ of Habeas Corpus by a Person in State Custody is denied and that this action is dismissed with prejudice.

IT IS FURTHER ORDERED that no certificate of appealability shall issue and that the petitioner is denied leave to appeal *in forma pauperis* because the dismissal of the petitioner's habeas petition is justified by a plain procedural bar and jurists of

1  reason would not find the procedural ruling debatable.

2  IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment
3  accordingly.

4  DATED this 25th day of March, 2013.

Paul G. Rosenblatt
United States District Judge